1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   TIMOTHY D. WILKINS,                        No.  2:18-cv-03163-KJM-CKD

11              Plaintiff,

12        v.                                    FINDINGS AND RECOMMENDATIONS

13   SCOTT KERNAN, et al.,

14              Defendants.

15

16        Plaintiff is a state prisoner proceeding pro se in this civil rights action that was removed

17   from state court.  This action is proceeding on an Eighth Amendment claim of deliberate

18   indifference to plaintiff's safety against defendants Nelson, Bayonetta, Winsauer, and Martin and

19   a supplemental state law claim under the Bane Act against the same defendants.  ECF No. 8 at 4

20   (screening order).  Currently pending before the court is defendants' motion for summary

21   judgment based on the plaintiff's failure to exhaust his administrative remedies.  ECF No. 34.

22   Plaintiff has filed an opposition along with 389 pages of exhibits in support thereof.  ECF Nos.

23   37, 38.  Defendants filed a reply rendering this matter fully briefed.  ECF No. 39.  For all the

24   reasons described herein, the undersigned recommends that defendants' motion for summary

25   judgment be granted.

26   **I.        Allegations in the Complaint**

27        Plaintiff alleges that defendants were putting his life in danger by intentionally moving

28   inmates from a rival prison group into his cell in order to "stage a conflict in violation of his

                                                1

1    Eighth Amendment right to safety." ECF No. 1-1 at 5. This happened on two occasions in July

2    2015 while plaintiff was an inmate at California State Prison-Solano ("CSP-Solano"). The first

3    rival gang member was housed with plaintiff on July 17, 2015 by defendants Winsauer, Martin,

4    and Bayonetta. The second inmate was escorted to plaintiff's cell on July 21, 2015 by defendant

5    Nelson.

6        **II.        Defendants' Motion for Summary Judgment**

7            In their motion, defendants contend that plaintiff failed to exhaust any administrative

8    grievance related to the asserted Eighth Amendment violations by Winsauer, Martin, Bayonetta

9    and Nelson as required by the Prison Litigation Reform Act ("PLRA"). ECF No. 34 at 2. The

10   exhibits attached to defendants' motion demonstrate that plaintiff only submitted four

11   administrative appeals between 2008 and 2018 and that none of these concerned any events

12   occurring in July 2015. ECF No. 34-1 at 4, 6. Accordingly, defendants request that judgment be

13   entered in their favor and this action dismissed without prejudice.

14           By way of opposition, plaintiff asserts that a federal "[d]istrict [c]ourt has already ruled

15   the [p]laintiff exhausted his administrative remedies in his related [h]abeas proceeding, Case

16   [N]o. 2:17-cv-4322-VAP-E." ECF No. 38 at 2. Plaintiff requests that the court take judicial

17   notice of his federal habeas proceeding in the Central District of California in which he

18   challenged a disciplinary conviction for refusing to accept his assigned housing. See ECF No. 36.

19   This disciplinary action was issued against plaintiff on August 6, 2015 and the administrative

20   hearing in which plaintiff was found guilty occurred on September 9, 2015. See ECF No. 37 at

21   79, 88-90. Plaintiff requests that the summary judgment motion be denied in light of the record

22   of his federal habeas action. ECF No. 38 at 3.

23           In their reply, defendants counter that plaintiff does not "cite[] to any grievance that

24   satisfied the exhaustion requirement" because his federal habeas petition only challenged his

25   prison disciplinary conviction that resulted in a 90-day loss of good-time credit and not

26   defendants' conduct alleged in the instant complaint. ECF No. 39 at 3.

27   /////

28   /////

2

1    **III.    Summary Judgment Standards**

2         Summary judgment is appropriate when it is demonstrated that there "is no genuine

3    dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

4    Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by

5    "citing to particular parts of materials in the record, including depositions, documents,

6    electronically stored information, affidavits or declarations, stipulations (including those made for

7    purposes of the motion only), admissions, interrogatory answers, or other materials...."  Fed. R.

8    Civ. P. 56(c)(1)(A).

9         In the endeavor to establish the existence of a factual dispute, the opposing party need not

10   establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual

11   dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

12   trial."  T.W. Elec. Serv., 809 F.2d at 631.  All reasonable inferences that may be drawn from the

13   facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475

14   U.S. at 587.

15        In a summary judgment motion for failure to exhaust administrative remedies, the

16   defendants have the initial burden to prove "that there was an available administrative remedy,

17   and that the prisoner did not exhaust that available remedy."  Albino, 747 F.3d at 1172.  If the

18   defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence

19   showing that there is something in his particular case that made the existing and generally

20   available administrative remedies effectively unavailable to him."  Id.  The ultimate burden of

21   proof remains with defendants, however.  Id.  "If material facts are disputed, summary judgment

22   should be denied, and the district judge rather than a jury should determine the facts."  Id. at

23   1166.

24   **IV.    Exhaustion Standard**

25        The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be

26   brought with respect to prison conditions under section 1983 of this title, ... until such

27   administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  A prisoner must

28   exhaust his administrative remedies before he commences suit.  McKinney v. Carey, 311 F.3d

3

1198, 1199–1201 (9th Cir. 2002).  Compliance with this requirement is not achieved by satisfying the exhaustion requirement during the course of a civil action.  See McKinney, 311 F.3d 1198 (9th Cir. 2002).  Failure to comply with the PLRA's exhaustion requirement is an affirmative defense that must be raised and proved by the defendant.  Jones v. Bock, 549 U.S. 199, 216 (2007).  In the Ninth Circuit, a defendant may raise the issue of administrative exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment.  Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc).  An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement.  Woodford v. Ngo, 548 U.S. 81, 84 (2006).

In order to defeat a properly supported motion for summary judgment based on a prisoner's failure to exhaust pursuant to 42 U.S.C. § 1997e(a), plaintiff must "come forward with some evidence showing" that he has either (1) properly exhausted his administrative remedies before filing suit or (2) "there is something in his particular case that made the existing and generally available remedies unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'"  Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5) (9th Cir. 1996)); Jones, 549 U.S. at 218.  "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'"  Ross v. Blake, 136 S. Ct. 1850, 1859 (2016) (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)).  If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).  If there is at least a genuine issue of material fact as to whether the administrative remedies were properly exhausted, the motion for summary judgment must be denied.  See Fed. R. Civ P. 56(a).

When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice."  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168-69.

1    **V.       Undisputed Material Facts**

2          At the outset, the court notes that defendants failed to file a separate document containing

3    a Statement of Undisputed Facts as required by Local Rule 260(a).  While plaintiff filed a one-

4    page Statement of Undisputed Facts in Support of Plaintiff's Opposition, it also fails to "cite the

5    particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or

6    other document relied upon to establish that fact."  ECF No. 38-1.  Instead, plaintiff cites to all of

7    his exhibits in toto which comprise 389 pages.  Id.  As a result of these omissions and failures by

8    both parties, the court has reviewed the entire record in this case in order to resolve the pending

9    motion.  However, only those factual assertions which have evidentiary support in the record are

10   considered.

11         **A.       CDCR Administrative Appeals Procedure**

12         The California Department of Corrections and Rehabilitation ("CDCR") provides inmates

13   with an administrative appeals process that permits an inmate to appeal any "policy, decision,

14   action, condition, or omission" made by the Department or its staff which have had "a material

15   adverse effect" on an inmate's "health, safety, or welfare."  See ECF No. 34-1 at 2 (Declaration

16   of J. Spaich); see also Cal. Code Regs. tit. 15, § 3084.1(a) (repealed effective June 1, 2020).  The

17   appeals process during the relevant time period of the case at bar, consists of three levels of

18   administrative review:  1) a first-level appeal; 2) a second-level appeal to the institutional head or

19   designee; and, 3) a third-level of appeal to the Secretary of the CDCR.  ECF No. 34-1 at 2; see

20   also Cal. Code Regs. tit. 15, § 3084.7 (repealed effective June 1, 2020).  For all non-medical

21   related appeals, the first two levels of administrative review are handled by staff located at the

22   institution.  ECF No. 34-1 at 2.  The third-level of administrative appeals are received and

23   decided by CDCR staff at the Office of Appeals located in Sacramento.  ECF No. 34-1 at 2.  A

24   substantive decision on an appeal at the third level exhausts CDCR's administrative remedies.

25   ECF No. 34-1 at 2.

26         **B.       Plaintiff's Use of Administrative Appeals Procedure**

27         During his incarceration, plaintiff had administrative appeals accepted and denied at the

28   third level of review in August 2008 (SOL-08-01303), September 2008 (SOL-08-00978), June

1   2009 (SOL-09-00477), and May 2018 (CMC-18-00985).  ECF No. 34-1 at 4, 6.  The

2   administrative appeals filed in 2008 and 2009 concerned issues that occurred long before the July

3   2015 events giving rise to plaintiff's complaint in the instant case.  ECF No. 34-1 at 4, 6.

4   Plaintiff's last administrative appeal which was properly exhausted in August 2018 concerned an

5   incident that occurred in January 2018, more than two years after the events at issue in the

6   complaint.  Id.

7          Plaintiff also submitted a 602 inmate appeal on September 20, 2015 (CSP-S-15-01898)

8   which complained about his August 6, 2015 administrative segregation placement resulting from

9   an alleged false rules violation report ("RVR").  ECF No. 37 at 94-97.  The hearing on the RVR

10  was held on September 9, 2015 and resulted in plaintiff being found guilty.  ECF No. 37 at 96.

11  Plaintiff's administrative appeal in CSP-S-15-01898 challenged this prison disciplinary finding

12  by asserting that he was denied his right to call witnesses and present documentary evidence and

13  that the guilty finding was not supported by sufficient evidence.  ECF No. 37 at 96.  As a remedy,

14  plaintiff requested that the RVR be dismissed, his good time credits and privileges be restored,

15  and that he be compensated for the false disciplinary action.  ECF No. 37 at 96.

16         This administrative appeal (CSP-S-15-01898) was screened out, or rejected, at the first

17  level of review on September 28, 2015 because it was missing necessary supporting

18  documentation.  ECF No. 37 at 102 (citing Cal. Code Regs. tit. 15 § 3084.3).  Plaintiff re-

19  submitted the appeal along with a CDC 1858 form on November 3, 2015.  ECF No. 37 at 98.  The

20  second level of administrative review received it on November 16, 2015 and cancelled the appeal

21  on December 1, 2015 indicating that it "should be processed as a routine appeal."  ECF No. 37 at

22  94 , 96, 99.  Plaintiff re-submitted this appeal to the second level of administrative review which

23  was cancelled once again on January 28, 2016 based on plaintiff's failure to return it within the

24  required time frames.  ECF No. 37 at 103 (citing Cal. Code Regs. tit. 15 § 3084.6(c)(10)).

25  Plaintiff was informed that he could appeal this cancellation.  ECF No. 37 at 103.  On June 7,

26  2016, the third level of administrative review screened out appeal number SOL-15-01898

27  pertaining to plaintiff's disciplinary conviction based on the repetitious submission of an appeal

28  that had been previously cancelled.  ECF No. 37 at 107 (citing Cal. Code Regs. tit. 15 §

1    3084.6(e)); ECF No. 34-1 at 6.

2        **VI.    Analysis**

3        This case was removed from state court on December 7, 2018.  ECF No. 1.  Accordingly,

4    plaintiff was required to exhaust his administrative remedies prior to that date.  See 42 U.S.C. §

5    1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).

6        Defendants' undisputed evidence establishes that plaintiff did not properly exhaust any

7    administrative appeal concerning his Eighth Amendment right to safety claims raised in the

8    complaint through the third level of administrative review.  The court finds that defendants have

9    carried their initial burden of proving the availability of administrative remedies as well as

10   plaintiff's failure to exhaust those remedies.  See Williams v. Paramo, 775 F.3d 1182, 1191 (9th

11   Cir. 2015) (citations omitted).  Therefore, the burden shifts to plaintiff to come forward with

12   evidence that there was something in his particular case that made the existing administrative

13   remedies effectively unavailable to him or that he has otherwise properly exhausted his claims

14   with respect to the claims against defendants.  Id.

15       Plaintiff's only argument concerns his administrative appeals and subsequent federal

16   habeas challenge to his disciplinary conviction from September 9, 2015.  However, even

17   assuming that plaintiff properly exhausted his administrative appeals related to this disciplinary

18   conviction (CSP-S-15-01898) through the third level of review, that would not establish that

19   plaintiff has exhausted his administrative remedies with respect to his Eighth Amendment right to

20   safety claims against defendants.[1]  Plaintiff's due process challenges to his disciplinary conviction

21   are not the same Eighth Amendment claims raised in the pending complaint.  Furthermore, the

22   federal habeas court did not conclude, as plaintiff indicates, that he had properly exhausted his

23   administrative remedies with respect to his disciplinary conviction.[2]  The federal habeas court

24   _____

25   [1] The court further assumes without deciding that prison officials improperly screened plaintiff's
     grievance concerning his disciplinary conviction (CSP-S-15-01898).  See Sapp v. Kimbrell, 623
26   F.3d 813, 824 (9th Cir. 2010).  Therefore, the only remaining issue before this court is whether
     this grievance, if pursued through all three levels of administrative review, would have sufficed to
27   properly exhaust the claims at issue in this case.
     [2] The court will grant plaintiff's request to take judicial notice of his federal habeas action in
28   Wilkins v. Gastelo, No. 2:17-cv-04322-VAP-E (C.D. Cal.).  See ECF No. 36 (Plaintiff's Request

                                                  7

1    assumed "arguendo," or assumed without deciding in non-legal parlance, that plaintiff (referred to

2    in this context as petitioner) had not procedurally defaulted his disciplinary challenges for failing

3    to exhaust them.  ECF No. 37 at 367 n. 1 (Report and Recommendation of United States

4    Magistrate Judge Feb. 1, 2018) (citations omitted) (adopted by Order of March 15, 2018).  It

5    chose instead to deny relief on the merits of the due process claims raised in the federal habeas

6    application.  Id.  Therefore, this court is not bound by the federal habeas court's decision to

7    bypass the procedural default question concerning the exhaustion of plaintiff's administrative

8    remedies for his disciplinary conviction.  See Liberty Mutual Ins. Co. v. E.E.O.C., 691 F.2d 438,

9    441 (9th Cir. 1982) (emphasizing that for law of the case doctrine to apply the issue in dispute

10   must have been "decided explicitly or by necessary implication in [the] previous disposition.");

11   Ducey v. United States, 830 F.2d 1071, 1072 (9th Cir. 1987) (concluding that the dicta of a case

12   has no preclusive effect under the law of the case doctrine).  More importantly, the nature of the

13   wrongs identified in the disciplinary grievance did not put prison officials on notice of the

14   particular wrong alleged in this lawsuit:  defendants' transfer of rival gang members into

15   plaintiff's cell on two occasions in July 2015 in  violation of his Eighth Amendment right to

16   safety.  See Reyes v. Smith, 810 F.3d 654, 659 (9th Cir. 2016) (emphasizing that "[u]nder the

17   PLRA, a grievance 'suffices if it alerts the prison to the nature of the wrong for which redress is

18   sought.'") (citations omitted).  Plaintiff has failed to demonstrate the unavailability of

19   administrative remedies or his proper exhaustion of them with respect to his Eighth Amendment

20   claims against the defendants.

21          Defendants have carried their burden of demonstrating the absence of a genuine dispute

22   about plaintiff's failure to exhaust his administrative remedies as to the Eighth Amendment

23   claims against them.  Albino, 747 F.3d at 1172.  Defendants are therefore entitled to summary

24   judgment and the undersigned recommends granting their motion and dismissing plaintiff's

25   complaint without prejudice.

26   ───────────────────

27   for Judicial Notice); see also Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n. 2 (9th Cir. 2002)
     (stating that "we may take notice of proceedings in other courts, both within and without the
     federal judicial system, if those proceedings have a direct relation to matters at issue[.]") (internal

28   quotation omitted).

1    **VII.    Plain Language Summary for Pro Se Party**

2        The following information is meant to explain this order in plain English and is not

3    intended as legal advice.

4        After reviewing all of the arguments and exhibits filed in connection with defendants'

5    motion for summary judgment, the magistrate judge has concluded that you have not exhausted

6    your administrative remedies with respect to the Eighth Amendment right to safety claims against

7    defendants.  As a result, the magistrate judge is recommending that the defendants' motion for

8    summary judgment be granted.  If adopted by the district court judge assigned to your case, this

9    means that your case will be dismissed without prejudice.

10       If you disagree with this outcome, you have twenty-one days to explain to the court why it

11   is not  correct.  If you choose to do this, you should label your explanation as "Objections to

12   Magistrate Judge's Findings and Recommendations."  The district court judge assigned to your

13   case will review any objections that are filed and will make a final decision on the motion for

14   summary judgment.

15       Accordingly, IT IS HEREBY RECOMMENDED that:

16       1.   Defendants' motion for summary judgment (ECF No. 34) be granted.

17       2.   This case be dismissed without prejudice.

18       These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

20   after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

23   objections shall be served and filed within fourteen days after service of the objections.  The

24   parties are advised that failure to file objections within the specified time may waive the right to

25   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

26   /////

27   /////

28

9

1   Dated:  July 22, 2020

2   _____
    CAROLYN K. DELANEY

3   UNITED STATES MAGISTRATE JUDGE

4

5

6

7

8

9   12/wilk3163.msj.CJRA.docx

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28